SCHOOL BOARD MEMBER — WIFE SUBSTITUTE TEACHING A school board member's wife is legally eligible to do substitute teaching during the absence of other teachers and for short periods of time. Such employment can not be continuous in nature and cannot reflect a pattern of constancy. Moreover, a school board member's wife is not eligible under the provisions of Section 70 O.S. 6-105 [70-6-105](B) 70 O.S. 6-105 [70-6-105](C), which require respectively a written contract for a substitute teacher employed in excess of twenty (20) school days during a school year; and similar requirements for any substitute teacher employed in any school system on a monthly or annual basis. The Attorney General has considered your request for an opinion, wherein you ask the following question: "Is a School Board member's wife eligible to do substitute teaching ?" Your question involves consideration and construction of 21 O.S. 481 [21-481] and 70 O.S. 6-105 [70-6-105] (1971). Section 21 O.S. 481 [21-481], supra, provides: "It shall be unlawful for any executive, legislative, ministerial or judicial officer to appoint or vote for the appointment of any person related to him by affinity or consanguinity within the third degree, to any clerkship, office, position, employment or duty in any department of the State, district, county, city or municipal government of which such executive, legislative, ministerial or judicial officer is a member, when the salary, wages, pay or compensation of such appointee is to be paid out of the public funds or fees of such office. Provided, however, that for the purposes of this chapter, a divorce of husband and wife shall terminate all relationship by affinity that existed by reason of the marriage, regardless of whether the marriage has resulted in issue who are still living. . . ." Section 70 O.S. 6-105 [70-6-105], supra, provides in pertinent part: "A. If, because of sickness or other reason, a teacher is temporarily unable to perform his regular duties, a substitute teacher for his position may be employed for the time of such absence. A substitute teacher shall be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher, the regular teacher and the board of education or according to regulations of the board. In the absence of any such agreement or regulation, such substitute teacher shall be paid in the same manner and amount as would have been paid the regular teacher, and the amount of the payment shall be deducted from the amount next payable to the regular teacher. Provided, that each reduction shall be only for the time lost in excess of the sick leave to which the regular teacher is entitled. A teacher absent for reason of personal business shall have deducted from his salary by the school district only the amount necessary to pay the substitute. "B. No substitute teacher shall be employed for a total period of time in excess of twenty (20) school days during a school year unless he is the holder of a valid certificate and has a written contract based upon his degree and experience as a regular substitute teacher. No school district shall deduct from a teacher's salary more than the actual amount of money necessary to pay the substitute teacher due to illness of the teacher. "C. Any substitute or cadet teacher employed in any school system on a monthly or annual basis shall hold a certificate and have a written contract in the manner and under the same conditions as for regular teachers." Thus, Section 70 O.S. 6-105 [70-6-105], supra, makes clear by its provisions that a substitute teacher employed for a period of time in excess of twenty (20) days must have a valid certificate and a written contract. Further, any substitute teacher employed in any school system on a monthly or annual basis must have a certificate and a written contract in the same manner and under conditions as provided for regular teachers. In relation to Section 21 O.S. 481 [21-481], supra, this general law of nepotism of the State has been held to specifically apply to the school districts of the State in so far as the employment of teachers is concerned. Attorney General Opinion dated June 4, 1936, to Honorable James K. Eaton, County Attorney, Okmulgee County. That opinion construed Section 2381 which is now codified as Section 481 and based its conclusion on the case of Reddell v. State, 14 Okl. Cr. 199, 17 P. 273. In response to a question of similar significance and which involved a substitute teacher's right of employment during the tenure of a husband board member, the opinion held: "The Attorney General is of the opinion that neither said provision of Section 6814, supra, nor said sections 2381 and 2382, Oklahoma Statutes 1931, make it a violation of law for a school district board to employ, or to authorize the school superintendent of the district to employ, from time to time, as the necessity therefor arises, a substitute teacher 'during absences of other teachers for short periods.' However, our opinion would be otherwise if said substitute teacher had been so employed for the school term or for any other filed period of time, during which the teacher would be obligated to teach when a necessity therefor arose, upon the call of said board or superintendent." Thus, the above quoted opinion and the case of Reddell, supra, clearly established the principle of law that it was the intent of the legislature in passing the anti-nepotism laws to prevent the filling of subordinate offices, positions, employments, or duties of trust which are of a continuous nature, whether provided by law or necessarily required to carry out the duties imposed by law on any such department. Based on the foregoing, it is, therefore, the opinion of the Attorney General that your question be answered as follows: A school board member's wife is legally eligible to do substitute teaching during the absence of other teachers and for short periods of time. Such employment can not be continuous in nature and cannot reflect a pattern of constancy. Moreover, a school board member's wife is not eligible under the provisions of Section 70 O.S. 6-105 [70-6-105](B) 70 O.S. 6-105 [70-6-105](C), which require respectively a written contract for a substitute teacher employed in excess of twenty (20) school days during a school year; and similar requirements for any substitute teacher employed in any school system on a monthly or annual basis. (Nathan J. Gigger) (Ed note: Nepotism)